Filed 6/2/26  P. v. Turner CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JUSTON TURNER,<br><br>    Defendant and Appellant. | G065489<br><br>(Super. Ct. No. 24WF0106)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Richard M. King, Judge. Affirmed with instructions.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Juston Turner appeals from his convictions for carjacking and related crimes, though his appointed counsel raised no issues. We have

independently reviewed the record, find no arguable issues, and affirm. However, we direct the trial court to correct a clerical error in the abstract of judgment.

FACTS

H.C. was driving through Westminster one evening when a young woman flagged him down, claiming her mother was ill and had fallen. H.C. followed the woman into a nearby house, and she locked the door. A masked male, later identified as Turner, entered the room, pointed a gun at H.C.'s chest, and hit him on the forehead with the gun. H.C. fell to the floor. Turner and the woman then kicked him, tried to restrain him with zip ties, and took his cell phone, wallet, and car keys.

A second woman entered the room and helped Turner and the first woman zip-tie H.C.'s hands and ankles. The trio accessed H.C.'s bank account through his cell phone, threatened to torture him and pour boiling water in his mouth, and took photos of him on the ground. They then left H.C. alone for awhile.

When Turner returned, he cut the zip ties from H.C.'s ankles and replaced the zip ties on his wrists with a long piece of cloth. The doorbell rang, and Turner left the room again, leaving H.C. alone.

Later that evening, H.C. escaped through a window and ran to his cousin's house. While telling his cousin what happened, H.C. saw Turner drive by in his car. Police later found the car unoccupied, one street over from where the woman had flagged H.C. down.

A jury convicted Turner of carjacking, first degree robbery, false imprisonment, assault with a firearm, and being a felon in possession of a firearm. It also found true that he personally used a firearm in committing the first two offenses.

In a bifurcated proceeding, the trial court found Turner had two strike priors. After declining to strike his enhancements or the priors, the court sentenced Turner to 25 years to life in prison, plus ten years.

DISCUSSION

After examining the record, Turner's appointed appellate counsel filed a brief raising no issues and asking this court to independently review the record. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738.) We gave Turner 30 days to submit a supplemental brief raising any argument he wished us to consider. We received no response.

To assist this court with its independent review, counsel identified the following issue that might arguably support an appeal: was there sufficient evidence of carjacking, and more specifically, does the crime of carjacking require the taking of a vehicle from an individual's presence, does it require the taking of the vehicle itself rather than just the taking of the vehicle's keys, and does the taking of keys from an individual satisfy the element of an individual's intent to take the vehicle to prove the crime of carjacking?

We see no arguable issue. The record here contains sufficient evidence of carjacking. (See *People v. Hoard* (2002) 103 Cal.App.4th 599, 608–609 [defendant committed carjacking by threatening victim inside store and demanding her car keys, and then driving her car off nearby parking lot]; *People v. O'Neil* (1997) 56 Cal.App.4th 1126, 1131 [carjacking victim need not be "'inside or touching the vehicle at the time of the taking'"]; *People v. Medina* (1995) 39 Cal.App.4th 643, 646–647, 651–652 [carjacking occurred where victim was lured to motel room by woman claiming to be a prostitute, and defendant beat him and took his car keys].)

We have also independently examined the record. We found no arguable issues. (*Wende, supra*, 25 Cal.3d 436.)

However, as appointed counsel correctly notes, the abstract of judgment contains a clerical error. In section 2 concerning enhancements, the abstract of judgment shows a sentence of 10 years for the firearm enhancement (Pen. Code, § 12022.53, subd. (b)) on the robbery count (count 2). That portion of the sentence should be in parentheses—the designation commonly used for concurrent terms—because the trial court imposed the sentence on count 2 to be served concurrently to the sentence on count 1. Accordingly, we direct the trial court to correct the abstract of judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [appellate courts may correct clerical errors in an abstract of judgment].)

## DISPOSITION

The judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment to show the sentence on the count 2 enhancement is concurrent. After doing so, the court should forward a certified copy to the Department of Corrections and Rehabilitation.


SCOTT, J.

WE CONCUR:


MOORE, ACTING P. J.


GOODING, J.